IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MIKEL SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-08-110-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| U.S. ATTORNEY THOMAS E. MOSS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff's Amended Complaint[1] (Docket No. 2) in which Plaintiff seeks to recover damages in the amount of ninety-six million dollars ($96,000,000) arising out of an alleged contract with the United States. The case is subject to dismissal for two reasons.

First, the Amended Complaint is virtually identical to, and against the same parties as, the Complaint filed in Case No. CV-06-235-S-BLW in which the Court granted Defendants' Motion to Dismiss on the grounds of lack of subject matter jurisdiction. The Court also declined to transfer the case to the appropriate court,

---

[1] It appears that the only difference between the Complaint (Docket No. 1) and the Amended Complaint (Docket No. 2) is the zip code in Plaintiff's address.

**Memorandum Decision and Order - 1**

the Court of Federal Claims, because the Complaint failed to demonstrate the elements necessary to establish the existence of a contract between Plaintiff and the United States.  *See* Docket No. 9 in Case No. CV-06-235-S-BLW.

The Supreme Court has stated that "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.  This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (internal citations omitted) (in dissent).  *See also McClain v. Apodacai,* 793 F.2d 1031, 1032-33 (9th Cir. 1986) ("The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. . . .  It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision . . . to examine the res judicata effect of that prior judgment *sua sponte*.").

Given that the parties and issues in this case are identical to those in the prior case that the Court dismissed for lack of subject matter jurisdiction, the Amended Complaint shall be dismissed on the grounds of res judicata.

Second, the Court notes that the caption of the Amended Complaint refers to

**Memorandum Decision and Order - 2**

"In the United States Court of Federal Claims" indicating that perhaps Plaintiff intended to file the Complaint and Amended Complaint in that court. However, the Court again declines to transfer the case to the Court of Federal Claims for the reasons stated in its Order (Docket No. 9) dismissing Case No. CV-06-235-S-BLW.

The Court has been advised that Plaintiff suffers from mental health issues and believes those issues may have contributed to his filing the within action a second time and/or in the wrong court. Under the circumstances, the Court finds that refunding the filing fee to Plaintiff is warranted. Accordingly,

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Amended Complaint (Docket No. 2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall refund the filing fee to Plaintiff.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall not file any further complaint in this Court seeking recovery of reward money for information leading to the arrest of Saddam Hussein and his sons. Any such further filing will be deemed frivolous and may result in sanctions issued against Plaintiff.

**Memorandum Decision and Order - 3**

IT IS FURTHER HEREBY ORDERED that the filing of frivolous or malicious documents or actions may result in sanctions issued against Plaintiff, including the issuance of an order to show cause why Plaintiff should not be declared a vexatious litigant, an award of costs and attorney's fees to any opposing litigants, and any other appropriate sanctions.



DATED:  **April 9, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 4**